IN THE MATTER OF THE APPLICATION OF ELLA C. MUL-LINEAUX TO VACATE AND SET ASIDE A JUDGMENT AGAINST JOHN H. MULLINEAUX.

Submitted February 18, 1908—Decided June 8, 1908.

1. The grantee of a judgment debtor has a standing in the court wherein the judgment is entered to move to set it aside as irregular, and thereby relieve the property conveyed of what would otherwise be a cloud upon the title.
2. Such conveyance having been made before the beginning of the suit in which the judgment was entered, the grantee is not in laches for failing to attack the judgment until after the filing of a bill by the judgment creditor to set aside the deed as fraudulent.

Before Justices REED, PARKER and VOORHEES.

For the application, *Edgar W. Hunt.*

*Contra, George H. Peirce.*

The opinion of the court was delivered by

PARKER, J.  In November, 1906, John H. Mullineaux made a deed to the above-named petitioner, who is his brother's wife, of certain property in Lambertville, in this state.  Afterward, on January 9th, 1907, one Wilfred G. Roszel began suit in this court against John H. Mullineaux, and caused the summons, with declaration annexed, to be served at the house on said property wherein the petitioner was then living with her husband.  The sheriff, according to the depositions, in serving the summons at the house, asked the petitioner's daughter whether John H. Mullineaux lived there, and was told, "No, he was in California," and the sheriff then said, "Well, take this paper and tell your father to send it to him if he likes, or place it in the cupboard as I don't think it will amount to much."  The papers were never forwarded, and afterwards, on February 28th, judgment was entered, execution issued and returned unsatisfied.  The petitioner and her husband were examined under supplementary proceedings, and on November 1st, 1907, the plaintiff filed a bill in Chancery against petitioner and others to set aside the deed above mentioned as having been made in fraud of creditors, which action is still pending.

The petitioner now applies to have the judgment at law set aside, on the ground that no legal service of the summons and declaration was ever made.  The depositions taken under a rule to show cause made in this matter show the facts above stated and also that John H. Mullineaux never lived on the property at all, but in another house, and that on December 1st, 1906, a few days after making the deed, he went away, saying that he was going to California and without fixing any time for his return.  In opposition to the opening of this judgment it is objected, first, that the petitioner is not en-

titled to make this motion, because she is not a party to the suit; and second, that if she was entitled she is in laches and thereby estopped.

We think the petitioner clearly has sufficient standing to support this motion. She is the grantee of the property sought to be affected by the Chancery suit, and if the judgment stands as a valid lien on the property conveyed and decree should pass in favor of the judgment creditor, complainant in the equity suit, the petitioner's claim of title to the property will be destroyed. It seems to us, moreover, that under the conceded facts of the case, the service of the process was void and not merely voidable. The summons was neither served on the defendant personally nor was it left at his dwelling-house or place of abode. If he had never made any deed to the petitioner at all, it would not have been a valid service, because the defendant did not live on the property. In such cases one not a party to the record is entitled to intervene, if interested, as a grantee or judgment creditor. *Reed* v. *Bainbridge,* 1 *South.* 351; *McLaughlin* v. *Cross,* 39 *Vroom* 599.

Nor is the petitioner guilty of laches. The equity suit was begun on November 1st, 1907. We do not think that she was required or, indeed, entitled to intervene in the present action until her rights were specifically attacked, and certainly a judgment against John H. Mullineaux was no such attack, nor should the issue of an execution and its return unsatisfied as a foundation for supplementary proceedings be so regarded. Her petition is dated January 20th, only two months and nineteen days after the filing of the bill. It does not appear when the subpoena was served upon her, but if it was served the same day we do not consider that the lapse of this period of time would suffice to place her in laches.

Under the circumstances of the case, therefore, the judgment should be set aside as against this petitioner. The objection that such action will destroy the foundation of the equity suit is without substance. An equity suit to set aside a conveyance, in order to be effectual, must be founded on a legal lien, and it is the duty of the court on this application to ascertain whether such lien exists irrespective of any equity

that the plaintiff may have to enforce in the other action. In any event, if the plaintiff regards the conveyance to this petitioner as void because in fraud of creditors, he still has his remedy by attaching this very property as the property of John H. Mullineaux and again attacking the conveyance in the Court of Chancery.

The judgment will be set aside as against the petitioner.